OPINION
{¶ 1} This case arises from a decision of the Hancock County Court of Common Pleas, Probate Division, wherein the court determined, pursuant to R.C. 3319.19, that the appellant, Hancock County Board of County Commissioners ("County"), incurred no "actual cost" for the actual physical square footage being used by the Hancock County Educational Service Center ("ESC") for fiscal year 2003.
 {¶ 2} Since 1999, the County has provided office space to the ESC in what was formerly the county home in Findlay, Ohio. The County made improvements and renovations to the county home beginning in approximately 1992 with the last of the expenditures occurring in September 2000. Costs for the renovations were paid for out of the county general fund. The County did not have to issue bonds to cover the expense of the renovations. Some of the refurbishments to the county home were specifically for the space occupied by the ESC, some were for areas occupied by other tenants, and others affected the entire building, such as a new elevator and HVAC unit. No improvements are planned for the ESC space for fiscal year 2003.
 {¶ 3} Historically, R.C. 3319.19 required a board of county commissioners through its general funds to provide and equip office space for the superintendent of an educational service center (formerly known as a county board of education) within its jurisdiction and to provide heat, light, water (hereinafter collectively referred to as "utilities"), and janitorial services for that office space. Am.Sub.H.B. No. 94 ("H.B. 94"), effective in September 2001, revised R.C. 3319.19 to obligate the board of county commissioners to "make a written estimate of the total cost it will incur for the ensuing fiscal year" as a result of providing the aforesaid office space, utilities, and services.
 {¶ 4} Concerning funding for educational service centers from 2003 through 2006, H.B. 94 provides for a gradual five-year phase-out of the requirement that the county commissioners provide the office space to an ESC free of charge. Thereafter, "[b]eginning in fiscal year 2007, no board of county commissioners shall have any obligation to provide and equip offices for an educational service center or to provide heat, light, water, or janitorial services for such offices."[1]
 {¶ 5} Pursuant to R.C. 3319.19, the County, on March 7, 2002, provided a written estimate of costs to the ESC for fiscal year 2003. Under the phase-out provisions of R.C. 3319.19(D), the County is required to pay 80% of the final estimated cost for fiscal year 2003. The ESC responded to the County's estimate by timely submitting its objections. Upon their review of the ESC's objections, the County readopted its initial estimate of costs.
 {¶ 6} The ESC again disagreed with the County's estimate and the matter was submitted by petition of the ESC to the Probate Court for Hancock County to hear the matter and to determine the final estimated cost pursuant to R.C. 3319.19. On August 1, 2002, the trial court issued a decision concluding that the final estimated cost of providing and equipping office space and providing heat, light, water and janitorial services for the ESC for fiscal year 2003 is $22,215.54. The total cost included $16,089.00 estimated cost for providing utilities and $6,126.54 estimated cost for providing janitorial services. The figures for utilities and janitorial services have not been challenged on appeal.
 {¶ 7} Also, the probate court found that there was "no `actual cost' being incurred by the [County] for the actual physical square footage being used by the ESC * * *." By agreement of the parties, the probate court's decision was made retroactive to June 30, 2002.
 {¶ 8} The appellant now appeals, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 9} "The trial court erred as a matter of law in finding that the Board of Commissioners for Hancock County, Ohio, incurred no actual current cost for the square footage/physical building allocated to the Hancock County ESC for fiscal year 2003."
 {¶ 10} In its sole assignment of error, the County contends that the probate court erred when it found, pursuant to R.C. 3319.19, that the County incurred no "actual current cost * ** for the square footage/physical building allocated to the ESC for the ensuing 2003 fiscal year." The County maintains that the term "actual cost" as found in the statute is synonymous with "rent."
 {¶ 11} R.C. 3319.19 reads, in pertinent part, as follows:
 {¶ 12} "(C) Not later than the thirty-first day of March of 2002, 2003, 2004, and 2005 a board of county commissioners required to provide or equip offices pursuant to division (A) or (B) of this section shall make a written estimate of the total cost it will incur for the ensuing fiscal year to provide and equip the offices and to provide heat, light, water, and janitorial services for such offices. The total estimate of cost shall include:
 {¶ 13} "(1) The total square feet of space to be utilized by the educational service center;
 {¶ 14} "(2) The total square feet of any common areas that should be reasonably allocated to the center and the methodology for making this allocation;
 {¶ 15} "(3) The actual cost per square foot for both the space utilized by and the common area allocated to the center[.]"[2]
 {¶ 16} The question before us is a matter of statutory interpretation, which we review de novo.[3] In construing R.C. 3319.19, we are mindful of R.C. 1.42 which instructs: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have otherwise acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."
 {¶ 17} In the present case, no legislative definition of "actual cost" has been given. Therefore, we follow the long recognized canon of statutory construction that words and phrases used by the General Assembly are to be given their usual and ordinary meaning unless a contrary intention of the legislature clearly appears.[4] Furthermore, a statute that is facially definite and unambiguous is to be applied as written and not construed.[5]
 {¶ 18} The probate court found that because the County property utilized by the ESC is entirely paid for and there is, therefore, no debt service on it, there is no "actual cost" being incurred by the County. Asserting that the probate court's notion of "actual cost" was too narrow, the County maintains that although they have no debt service on the structure there is still actual cost in the form of money invested in the structure for which they now have no use. The County contends that the phrase "actual cost" means "rent" and asserts that it is "ludicrous" that in order for them to collect rent, all that they would have to do is create debt on the property and use the structure as collateral.
 {¶ 19} In support of the County, amicus curiae County Commissioners' Association of Ohio ("CCAO") argue that building depreciation and amortization of improvements are real and actual costs that are reflected annually in the County's financial records and can be allocated to the space the ESC occupies. The CCAO notes that the apparent purpose of the H.B. 94 amendments were to gradually relieve boards of county commissioners of all financial responsibilities associated with providing office space to educational service centers. They assert that this responsibility is broader than the trial court's determination that R.C. 3319.19(C)(3) is limited to cash-based expenditures.
 {¶ 20} Although depreciation and amortization may be costs incurred by the County, the phrase "actual costs" as written in R.C.3319.19(C)(3), given its plain meaning, conveys an out-of-pocket expense, whereas depreciation and amortization are non-cash items.[6]
Had the General Assembly intended "actual costs" to mean "rent" as the County suggests, they would have used the word "rent" as it is found elsewhere in the Code.[7] The probate court had an identical interpretation of the statute. Accordingly, the appellant's assignment of error is without merit and is hereby overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 Judgment affirmed. SHAW and WALTERS, JJ., concur.
[1] R.C. 3319.19(D)(1).
[2] Emphasis added.
[3] Board of Educ., Upper Scioto Valley Local School Dist. v. Crowe, Hardin App. No. 6-01-06, 2002-Ohio-1394.
[4] D.A.B.E., Inc. v. Bd. of Health, 96 Ohio St.3d 250,2002-Ohio-4172, at ¶ 22.
[5] Herman v. Kopfleisch (1995), 72 Ohio St.3d 581, 584.
[6] See, for example, Neal v. Halsey (1995), Greene App. No. 95-CA-22.
[7] See R.C. 307.09(A), which provides: "If the interests of the county so require, the board of county commissioners may sell any real property belonging to the county and not needed for public use, including all or portions of buildings acquired by the board to house county offices, or may lease or rent the same * * *." Emphasis added.